Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Frank R. Trechsel (SBN 312199)
ftrechsel@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE STEINMETZ, an Individual,<br><br>Plaintiff,<br><br>v.<br><br>ADOBE INC., a Delaware Limited Liability Company; and DOES 1-10,<br><br>Defendants. | Case No.:<br><br>**PLAINTIFF'S COMPLAINT FOR**:<br>1. COPYRIGHT INFRINGEMENT<br>2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT<br>3. VIOLATION OF THE DIGITAL MILLENIUM COPYRIGHT ACT (17 U.S.C. §1202)<br><br><u>Jury Trial Demanded</u> |

Plaintiff, GEORGE STEINMETZ ("Steinmetz"), by and through his undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## INTRODUCTION

1. Steinmetz is a renowned professional photographer with a remarkable body of work, who has captured unique images of the world in locations inaccessible by traditional aircraft and most other modes of transportation. He has completed more than 40 major photo essays for National Geographic and 25 stories for GEO magazine in Germany, and has won numerous awards for photography during his 35-year career, including three prizes from World Press Photo. He is a regular contributor to the NY Times Magazine and has explored subjects ranging from the remotest stretches of Arabia's Empty Quarter to the largest coal mine in China.

2. Steinmetz brings this claim to seek redress for the unauthorized and unlawful publishing and exploitation of his original photography. Defendant ADOBE INC. unlawfully published and displayed Steinmetz's photography via Adobe Stock. Steinmetz at no time sought to associate his work with Defendant or any of their affiliates.

3. This unauthorized usage constituted copyright infringement, amongst other things, as set forth below.

## JURISDICTION AND VENUE

4. This action arises under the Copyright Act of 1976, Title 17 U.S.C., §§ 101, *et seq*, and Cal. Civ. Code 3344(a).

5. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

6. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

7. Steinmetz is an individual residing in New Jersey, USA.

8. Plaintiff is informed and believes and thereon alleges that Defendant ADOBE INC. is a Delaware limited liability company with its principal place of business located at 345 Park Ave, San Jose, CA 95110, and is doing business within the state of California.

9. Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sue said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

10. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## CLAIMS RELATED TO SUBJECT PHOTOGRAPH

11. Steinmetz created and owns all rights in original photograph of the Statue of Liberty at issue in this case ("Subject Photograph"). The Subject Photograph is set forth in the table below.

12. The Subject Photograph was registered with the United States Copyright Office, with all formalities satisfied, and issued the Registration number VAu 1-177-526.

13. Plaintiff is informed and believes and thereon alleges that Defendants accessed the Subject Photograph and then exploited it without the authorization of Plaintiff. Defendants, and each of them, exploited the Subject Photograph by incorporating same into their website (collectively the "Accused Work"). A non-inclusive exemplar of the Accused Work is set forth below alongside the corresponding photograph. These exemplars are not meant to encompass all Accused Works; the claims made herein are as to any image displayed, published, licensed, distributed and/or sold by Defendants, and/or each of them, that incorporate without permission, in whole or in part the Subject Photograph. The Subject Photograph is referred to below.

**Subject Photograph:**



| **Accused Work:** |
|---|
|  |

14. A comparison of the Subject Photograph with the corresponding image of the Accused Work reveals that the elements, composition, colors, arrangement, subject, lighting, angle, and overall appearance of the images are identical or at least substantially similar.

15. On information and belief, Plaintiff alleges that Defendants, along with DOE Defendants, were involved in creating and/or developing the Accused Work, and/or supplying, marketing distributing, selling, and otherwise providing the Accused Work to third parties, including without limitation, the public.

16. Plaintiff at no time authorized Defendants, or any of them, to use the Subject Photograph as complained of herein.

### FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against all Defendants, and Each)

17. Steinmetz repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraph of this Complaint.

18. Steinmetz is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Photograph, including, without limitation, through viewing the Subject Photograph in or on Steinmetz publications, profiles, exhibitions, websites and/or through other authorized channels, over the internet, including without limitation as accessed via a search engine, or through a third-party source. Access is also established by the striking similarity of the Subject Photograph and the photographs on the Accused Work.

19. Steinmetz is further informed and believes and thereon alleges that certain Defendants have an ongoing business relationship with one or more of the other Defendants, and that those parties conspired to traffic in the Accused Work.

20. Defendants, and each of them, infringed Steinmetz's rights by copying the Subject Photograph, and distributing the Accused Work, without Steinmetz's authorization or consent.

21. Due to Defendants', and each of their, acts of infringement, Steinmetz has suffered actual, general, and special damages in an amount to be established at trial.

22. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Steinmetz's rights in the Subject Photograph. As such, Steinmetz is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of his rights in the Subject Photograph in an amount to be established at trial.

23. Steinmetz registered the Subject Photograph with the U.S. Copyright Office before the commission of the infringement at issue and on that basis seeks

statutory damages in an amount up to $150,000.00 per photograph per the Copyright Act.

24. Steinmetz is informed and believes and thereon alleges that Defendants, and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge, subjecting Defendants, and each of them, to enhanced statutory damages, claims for costs and attorneys' fees, and/or a preclusion from deducting certain costs when calculating disgorgeable profits.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement – Against all Defendants, and Each)

25. Steinmetz repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

26. Steinmetz is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and distribution of the Subject Photograph as alleged hereinabove. Defendants, and each of them, realized profits through their respective obtainment, sales and distribution of the Accused Work.

27. Steinmetz is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct. Specifically, each Defendant had the ability to oversee the development, publication, and distribution of the infringing imagery at issue. And, Defendants, and each of them, realized profits through their respective obtainment, marketing and distribution of the Accused Work.

28. By reason of Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Steinmetz has suffered and will continue to

suffer substantial damages to his business in an amount to be established at trial, as well as additional actual, general, and special damages in an amount to be established at trial.

29. Steinmetz registered the Subject Photograph with the U.S. Copyright Office before the commission of the infringement at issue and on that basis seeks statutory damages in an amount up to $150,000.00 per photograph per the Copyright Act.

30. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Steinmetz's rights in the Subject Photograph. As such, Steinmetz is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of his rights in the Subject Photograph, in an amount to be established at trial.

31. Steinmetz is informed and believes and thereon alleges that Defendants, and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge, subjecting Defendants, and each of them, to enhanced statutory damages, claims for costs and attorneys' fees, and/or a preclusion from deducting certain costs when calculating disgorgeable profits.

### THIRD CLAIM FOR RELIEF

(For Violations of the 17 U.S.C. §1202 – Against all Defendants, and Each)

32. Steinmetz repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

33. The Subject Photograph were routinely published with attribution, credit, and other copyright management information identifying Steinmetz as the author.

34. Steinmetz alleges on information and belief that Defendants, and each of them, removed Plaintiff's copyright management information, as described above,

from the Subject Photograph, and/or added false copyright management information to the Subject Photograph, before distributing and publishing same.

35. Steinmetz alleges on information and belief that Defendants, and each of them, distributed and published the Subject Photograph via its website, under its own name, and removing Plaintiff's attribution information, including without limitation his name and/or metadata.

36. The aforementioned facts constitute "copyright management information" as that phrase is defined in 17 U.S.C. §1202(c) and is false.

37. When Defendants distributed and published the Subject Photograph, they knowingly provided and/or distributed false copyright management information in violation of 17 U.S.C. §1202(a). As a result of the foregoing, Plaintiff has been damaged and may recover those damages as well as Defendants' profits, and/or statutory damages, and attorneys' fees under 17 U.S.C. §1203.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

## Against All Defendants

Wherefore, Plaintiff prays for judgment as follows against all Defendants and with respect to each claim for relief:

a. That Defendants, their affiliates, agents, and employees be enjoined from infringing Plaintiff's copyrights in and to the Subject Photograph.

b. That Plaintiff be awarded all profits of Defendants, and each, plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages to the extent they are available under the Copyright Act, 17 U.S.C. §§ 504, 1203 *et seq.*;

c. That Plaintiff be awarded its costs and attorneys' fees to the extent they are available under the Copyright Act U.S.C. §§ 505, 1203, *et seq.*

d. That a trust be entered over all Accused Work, and all profits realized through the sales and distribution of said work;

e. That Defendants, and each of them, be enjoined from any further use of the photography at issue and/or the distribution of any production incorporating same.

f. That Plaintiff be awarded pre-judgment interest as allowed by law;

g. That Plaintiff be awarded the costs of this action; and

h. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: August 24, 2021          By:          */s/ Scott Alan Burroughs*
Scott Alan Burroughs, Esq.
DONIGER / BURROUGHS
Attorneys for Plaintiff
DENNIS MORRIS